# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICKY M. and DARIN M.        :
as Parents and Natural Guardians  :
of Minor, A.J.M. ,             :
                           :
         Plaintiffs         :
v.                           :
SUSAN COMERFORD WZOREK;  :CIVIL ACTION-LAW
NORTHEASTERN EDUCATIONAL  :
INTERMEDIATE UNIT 19;       :
THE SCHOOL DISTRICT OF ABINGTON :
HEIGHTS ;                :
FRED R. ROSETTI, ED.D.;      :
CLARENCE LAMANNA, ED.D.;    :
DAVID ARNOLD, ED.D.;       :
WILLIAM MCNULTY; and       :
MARIELLEN SLUKO        :
                         :NO: 06-1898
        Defendants     :

## SECOND AMENDED COMPLAINT

AND NOW COME Plaintiffs, Vicky M. and Darin M., as parents and natural guardians of

Minor/Plaintiff, A.J.M., by and through their undersigned counsel, the law firm Abrahamsen, Moran

& Conaboy, P.C., and hereby complains of the above-named Defendants as follows:

### PROCEDURAL HISTORY

1.    This matter was originally filed by Plaintiffs in Lackawanna County Court as a Civil

Complaint.

2.    Subsequently on September 26, 2006 the Defendants filed a Notice of Removal from

the Court of Common Pleas of Lackawanna County Pennsylvania to the United States District Court

for the Middle District of Pennsylvania.

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331

("federal question").

4.      Additionally the Court can exercise supplemental jurisdiction over Plaintiff's State' Law Tort Claims pursuant to 28 U.S.C. Section 1367.

5.      On or about May 15, 2007 this Honorable Court issued an Order and Memorandum based on the Defendants' Motion to Dismiss dismissing Court VII of Plaintiff's first Amended Complaint asserting negligence, Count IX of Plaintiff's Complaint asserting vicarious liability, and Counts XI and XII as to the institutional Defendants and Count XIV asserting a civil conspiracy count against all Defendants.

6.      Subsequently on September 26, 2007 this Court issued an Order and Memorandum of Law based on the Defendants' Motion for Reconsideration in which the Court dismissed Count I of Plaintiff's first Amended Complaint asserting a claim for violation of civil rights under 42 U.S.C. Section 1983 and the I.D.E.A.

7.      This second Amended Complaint is now filed adding two additional Federal and State statutory claims against all Defendants and also removing all of the Counts previously dismissed by this Court.

## PARTIES

8.      Plaintiffs, Vicky M. and Darin M. are adult and competent individuals and are the parents and natural guardians of the Minor Plaintiff A.J.M. ("AJ") and currently reside at RR2, Box 108 K, Kingsley, Pennsylvania 18826

9.      Defendant, Susan Comerford Wzorek ("Wzorek"), is a competent adult individual who currently resides at 305 Stoney Creek Road, Clarks Summit, Lackawanna County, Pennsylvania, 18411, and was employed by Defendant, Northeastern Educational Intermediate Unit 19 ("NEIU"), as an autistic support teacher at the time of the events outlined in this Complaint. At all times material and relevant hereto, Wzorek was authorized by NEIU to perform the duties and

functions of an NEIU autistic support teacher and, in fact, acted within the scope of said duties and responsibilities at the time of the events outlined herein below.

10. Defendant, Northeastern Educational Intermediate Unit 19 ("NEIU"), is a regional educational service agency duly organized and established and existing under the laws of the Commonwealth of Pennsylvania, and maintains administrative offices at 1200 Line Street, Archbald, Lackawanna County, Pennsylvania, 18403. NEIU is part of the public school system of the Commonwealth of Pennsylvania and provides statutorily-mandated educational services to school districts in Lackawanna County, including, inter alia, The School District of Abington Heights.

11. At all times material and relevant hereto, NEIU acted by and through its agents, employees, servants, and officers during the relevant time frame, from September 2001 through June 2003.

12. Defendant, The School District of Abington Heights ("Abington Heights"), is a school district duly organized, established, and existing under the laws of the Commonwealth of Pennsylvania, and maintains administrative offices at 200 East Grove Street, Clarks Summit, Lackawanna County, Pennsylvania, 18411. Abington Heights is one of the constituent member School Districts with whom NEIU has contracted, to provide specialized services for, inter alia, autistic students and students with special needs, which specialized services the District is unable to provide.

13. At all times material and relevant hereto, Abington Heights School District acted by and through its agents, employees, servants, and officers during the relevant time frame, from September 2001 through June 2003.

14. Defendant, Fred R. Rosetti, Ed.D. ("Rosetti"), is a competent adult individual who currently resides in Lackawanna County, Pennsylvania, and served as NEIU's Executive Director,

with his office at 1200 Line Street, Archbald, Lackawanna County, Pennsylvania, 18403. At all times material and relevant hereto, Rosetti was a policymaker of NEIU, and was authorized by NEIU to perform the duties and functions of NEIU's Executive Director and, in fact, acted within the scope of said duties and responsibilities in overseeing Defendant Wzorek at the time of the events outlined herein below.

15.     Defendant, Clarence Lamanna, Ed.D. ("Lamanna"), is a competent adult individual who currently resides in Lackawanna County, Pennsylvania, and is employed as NEIU's Director of Special Education, with his office at 1200 Line Street, Archbald, Lackawanna County, Pennsylvania, 18403. At all times material and relevant hereto, Lamanna was authorized by NEIU to perform the duties and functions of NEIU's Director of Special Education and, in fact, acted within the scope of said duties and responsibilities in overseeing Defendant Wzorek at the time of the events outlined herein below.

16.     Defendant, David Arnold, Ed.D. ("Arnold"), is a competent adult individual who, at the time of the events set forth in this Complaint, was employed as the Superintendent of Abington Heights School District, with his office at 200 East Grove Street, Clarks Summit, Lackawanna County, Pennsylvania, 18411. In that capacity, Arnold was a policymaker for Abington Heights School District, and at all times material and relevant hereto, was authorized by Abington Heights to perform the duties and responsibilities of the School District of Abington Height's Superintendent and, in fact, acted within the scope of said duties and responsibilities, which included, but were not limited to supervising and monitoring Defendant Wzorek at the time of the events outlined herein below, supervising the school property where Defendant Wzorek worked, and supervising the care and custody of the children being taught there.

17.     Defendant William McNulty, ("McNulty"), is a competent adult individual who, at

the time of the events set forth in this Complaint, was employed as the Supervisor of Special Education for Abington Heights School District, with his office at 200 East Grove Street, Clarks Summit, Lackawanna County, Pennsylvania, 18411. At all times material and relevant hereto, McNulty was authorized by Abington Heights to perform the duties and functions of Abington Heights' Supervisor of Special Education and, in fact, acted within the scope of said duties and responsibilities in overseeing Defendant Wzorek at the time of the events outlined herein below.

18.     Defendant, Mariellen Sluko, ("Sluko"), is a competent adult individual who resides in Lackawanna County, Pennsylvania, and during the 2002 - 2003 school year, was employed by Abington Heights School District as the Principal of Clarks Summit Elementary School ("CSE") and maintained an office at 401 West Grove Street, Clarks Summit, Lackawanna County, Pennsylvania, 18411. At all times material and relevant to the 2002 - 2003 school year, Sluko was authorized by Abington Heights to perform the duties and functions of CSE's Principal and, in fact, acted within the scope of said duties and responsibilities in overseeing Defendant Wzorek at the time of the events outlined herein below.


## FACTUAL BACKGROUND

19.     Minor Plaintiff, AJ, was born on October 5, 1995, and is currently 11 years old.

20.     Minor Plaintiff, AJ has been diagnosed as having autism, a disorder that falls under the umbrella of Pervasive Developmental Disorders, and which is a complex developmental disability that impacts development in the areas of social interaction and communication skills.

21.     Autism is a neurological condition that ranges in severity, and children with autism typically exhibit difficulty as far as language development and ability to interact socially, as well as in ability to initiate and/or to maintain a conversation. Children with autism, however, can learn and

function normally, and show improvement with appropriate treatment and education.

22. Minor Plaintiff, AJ's specific condition renders him mid- functioning with impairment of non verbal social behaviors, speech and language delay and repetitive and stereo typed behaviors.

23. Minor Plaintiff, AJ, including, but not limited to the time frame from September 2002 through June 2003, was enrolled in the Northeastern Educational Intermediate Unit, and the Abington Heights School District, specifically their Special Education Autistic Support Division, whose purpose is to direct instructional programs that have been designed to meet the needs of students with impairment in two or more of the following areas: reciprocal social interaction, communication and imagination activity, markedly restricted repertoire of activities and interests, and abnormal or inconsistent responses to sensory stimuli.

24. At all times material and relevant hereto, Defendant NEIU had a duty to exercise care, custody, and control over the students to whom it delivered specialized education within the Abington Heights School District, including over minor Plaintiff, AJ, and exercised supervisory responsibilities over the autistic support teachers, including over Defendant Wzorek.

25. At all times material and relevant hereto, Defendant Abington Heights had a duty to exercise care, custody, and control over the students to whom it delivered specialized education within the Abington Heights School District, including over minor Plaintiff, AJ, and exercised supervisory responsibilities over the autistic support teachers, including over Defendant Wzorek.

26. As special needs institutions, the Abington Heights School District, the NEIU and their special education teachers are required to follow the Regulations for Special Education devised by the State Department of Education, i.e. Title 22 of the Pennsylvania State Code, Chapter 14, which regulations govern the treatment and education of special needs public school children,

including behavior management.

27.     NEIU's Board of Directors has adopted 23 Pa. C.S.A. §6301 to affirm the obligation of Intermediate Unit employees to assist in identifying possible child abuse, as well as victimization of students by other employees, and to establish procedures for supporting such in compliance with the Child Protective Services Law of 1990 and its amendments.

28.     The Board of Directors of Abington Heights School District has adopted 23 Pa. C.S.A. §6301 to affirm the obligation of Abington Heights employees to assist in identifying possible child abuse, as well as victimization of students by other employees, and to establish procedures for supporting such in compliance with the Child Protective Services Law of 1990 and its amendments.

29.     The Pennsylvania Department of Education must approve Abington Heights School District's annual plan, as assurance by signature of, inter alia, the superintendent, Defendant Arnold, that the school district is going to adhere to all of the aforementioned regulations and laws regarding the education of students with disabilities.

30.     The Pennsylvania Department of Education must approve NEIU's annual plan, as assurance that NEIU is going to adhere to all of the aforementioned regulations and laws regarding the education of students with disabilities.

31.     At all times material and relevant hereto, Defendant Wzorek was minor Plaintiff, AJ's autistic support teacher, and was acting within the scope and authority of her employment as an autistic support teacher with Defendant, NEIU.

32.     At all times material and relevant hereto, Defendant Wzorek was minor Plaintiff AJ's autistic support teacher, and was acting within the scope and authority of her employment as an autistic support teacher with Defendant, Abington Heights.

33.     As a special education teacher, Defendant Wzorek was required, as per the Department of Education, to maintain her teaching certification, and keep it active by earning a required number of continued education credits every five years.

34.     The Pennsylvania Department of Education, through its Teacher Certification Bureau, ensures that special education teachers are properly trained, and have taken part in an initiative to train special education teachers specifically on autism.

35.     At all times relevant and material hereto, the teachers' immediate employers and supervisors, i.e. NEIU and the Abington Heights School District, were responsible for ensuring that each teacher, including Defendant Wzorek, was adequately trained.

36.     At all times relevant and material hereto, Defendant Wzorek held a teaching certificate issued by the Pennsylvania Department of Education.

37.     As an autistic support teacher, Defendant Wzorek's duties included, inter alia, keeping safe and secure the autistic children rendered to her care, custody, and control, and attending to all of the daily classroom needs of her autistic students, feeding, toileting, academic training, and assisting in independent learning, as well as routinely accompanying NEIU students to Abington Height's Clark Summit Elementary School (CSE)'s library, gym, cafeteria, art class, music class, computer training center, and mainstream classrooms within the Abington Heights School District.

38.     During the course of performing her aforementioned daily duties, Defendant Wzorek continuously and systematically employed the use of aversive techniques, which are deliberate activities designed to establish a negative association with a specific behavior, and which techniques are specifically excluded from Title 22 of the Pennsylvania State Code's list of positive approaches to behavior management, §14.133(e).

39.     Defendant Wzorek used aversive techniques to redirect her autistic students',

including minor Plaintiff AJ's behavior. Specifically, these techniques included, but were not limited to:

    a.       Striking the Minor/Plaintiff, AJ on the legs and arms causing bruising;

    b.       Screaming in AJ's face;

    c.       Squeezing and crushing AJ's arms causing bruising; and

    d.       Stomping on AJ's insteps

40.      Additionally, Defendant Wzorek employed the use of restraints on her autistic students, which proper use is specifically reserved for instances where there is a clear and present immediate threat of danger of injury to self or to others, as per Title 22 of the Pennsylvania School Code §14.133(c). A lawful use of restraints shall cause a meeting of the IEP team to review the current IEP for appropriateness and effectiveness. An IEP is a statement of educational services prepared collaboratively by the local education agency, the parents, teachers, and if applicable, related service providers (e.g. occupational or physical therapists, or speech and language pathologists). This group is known as the IEP team.

41.      During the relevant time period from September 2002 through June 2003, three Rifton Chairs were kept in Defendant Wzorek's classroom, in full and open view of the minor Plaintiff, AJ, and all other students in the classroom. One of the Rifton Chairs had straps, and for the other two, Defendant Wzorek used bungee cording as straps. The sole, proper use and purpose of a Rifton Chair is to provide support for those autistic children with little motor control or muscular strength. It looks like a small highchair with straps and a tray, but is low to the ground. During the relevant time frame from September 2002 through June 2003, and in clear violation of the Pennsylvania School Code, §14.133, Defendant Wzorek improperly restrained other students in the presence of minor Plaintiff, AJ in a Rifton Chair, to restraint, punish, and abuse him in the chair

42. At no point during this relevant time period was an IEP team meeting convened to address the unlawful use of restraints, and to propose positive behavioral management techniques should the need for discipline arise in the future.

43. As part of the administration of Defendant Wzorek's classroom, Defendant Wzorek kept "Contact Books" for each student in her class, to serve as a communicative liaison between her students and their parents. In the Contact Books, Defendant Wzorek would make comments as to each student's progress, and provide a forum for each student's parents to express their questions and concerns.

44. Shortly after the 2002-2003 school year began, Plaintiffs noted pronounced changes in their minor AJ's behavior, and specifically, that a trend of regression as to his development was taking place. Minor Plaintiff, AJ exhibited, inter alia:

    a. Screaming "Ms. Sue hurts me.";

    b. Becoming more and more afraid of Wzorek;

    c. Developing bruises on tops of his legs and backs of his arms;

    d. In the middle of the 2002-2003 school year he developed a limp;

    e. Developed severe swelling in his foot.

    f. Developed a burning sensation when urinating..

45. During the time frame from September 2001 through June 2002, Defendant Wzorek's classroom benefitted from the employment of two full-time teacher's assistants, Jill Celli and Robin L. Medeiros, who worked with Defendant Wzorek in her classroom for two years.

46. On or about October 2002, Medeiros witnessed Defendant Wzorek backslap one of the children in the Plaintiff's classroom across the face which caused the child to develop a fat lip. When the child wouldn't keep quiet Defendant, Wzorek, hit her a second time. Medeiros then

witnesses Defendant, Wzorek, call her mother to tell her that the child had just injured herself by falling forward.

47.     On or about May of 2003, teaching assistants Celli and Medeiros confronted Defendant Wzorek in an attempt to stop Defendant Wzorek's abusive techniques. Her response to Celli and Medeiros was, "I know, but I don't know how to stop." Upon receiving this unsatisfactory result, Celli and Medeiros decided to report Defendant Wzorek to NEIU's Executive Administrators.

48.     On or about July 28, 2003, both Celli and Medeiros approached Defendant Lamanna, NEIU's Director of Special Education, with detailed documentation regarding the treatment Defendant Wzorek displayed towards the autistic students in her classroom. Specifically, they claimed that such treatment was aggressive, abusive, and that use of such aversive techniques was unlawful.

49.     Upon reporting Defendant Wzorek's abuse to Defendant Lamanna, his response was that it was "over [his] head" and that Defendant Rosetti, NEIU's Executive Director, would have to get involved, and a subsequent meeting was so scheduled.

50.     Also in July of 2003, Celli and Medeiros arrived at NEIU for their meeting with Defendant Rosetti, when Medeiros overheard Defendant Rosetti on the phone with Defendant Wzorek saying, "Don't worry Sue, they are coming in here to shoot their loads but nothing's going to happen and then we'll be done with it."

51.     During said meeting with Defendant Rosetti, Celli and Medeiros again presented their detailed documentation of their eyewitness accounts of Defendant Wzorek's abusive treatment towards, inter alia in Defendant, Wzorek's class.

52      Around mid-August, 2003, Celli and Medeiros were informed that an internal investigation of Defendant Wzorek would be conducted.

53. One week later, Celli and Medeiros were summoned by NEIU to attend another meeting regarding Defendant Wzorek's abuses, and arrived at NEIU to instead be met by NEIU's attorney, Jeffrey Tucker. Attorney Tucker represented to Celli and Medeiros that they had a right to know neither the results of the NEIU investigation, nor whether NEIU even intended to take any action.

54. Around same time, Celli and Medeiros were advised by NEIU that it had completed its investigation, but they later learned that no meaningful investigation had ever taken place, i.e. that the documented parents and school employees, who would have been instrumental in conducting such an investigation, were never contacted. Additionally, Celli and Medeiros were advised that Defendant Wzorek's classroom conduct would not be reported to law enforcement officials.

55. In October of 2003, Celli and Medeiros then approached the Principal of Clarks Summit Elementary School, Defendant Sluko, with their concerns. During this meeting, Defendant Sluko accused Celli and Medeiros of "breaking a silent code," which she likened to a code among police officers.

56. NEIU decided, however, that Defendant Wzorek would be transferred to the Scranton School District for the 2003-2004 school year, but where she would continue to have contact with special needs students, as a Learning Support teacher at West Scranton High School.

57. In late September 2003, Defendant Arnold wrote a letter to Defendant Lamanna, soliciting his assistance in having Celli and Medeiros transferred to another school district. Specifically, he wrote, "...[the teacher's assistants'] behavior has negatively affected the work environment for our teaching staff, and ... I am asking that they be moved from our building as soon as possible."

58. Defendants Sluko, Arnold and McNulty knew or by the exercise of reasonable care,

should have known of the abusive treatment of Plaintiff by Wzorek.

59.     Due to a feared violation of Pennsylvania's Whistleblower Law, Defendants Lamanna and Rosetti then advised Abington Heights in the Spring of 2004, that they would not oppose the transfer of the entire autistic support classroom, and under the guise and pretext of accommodating spacing needs, were thereby able to achieve the desired shared goal of removing teaching assistants Celli and Medeiros.

60.     Said removal of the autistic students, including minor Plaintiff, AJ from their daily routines, greatly disrupted and inconvenienced the students, including AJ, who have a heightened need for routine and stability.

61.     The actions of the Defendants were carried out willfully, wantonly and maliciously and with reckless disregard for the consequences as to reveal a conscious indifference to the Plaintiff's rights.

## COUNT I- VIOLATIONS OF THE 14th AMENDMENT

**Plaintiffs, Vicky M. and Darin M., as parents**

**and  Natural Guardians of Minor, A.J. M.**

**v. Defendants NEIU, The School District of Abington Heights,**

**Lamanna, Rosetti, Sluko, McNulty and Arnold and Susan Wzorek**

62.     The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

63.     The Defendants conduct in failing to provide the Minor/Plaintiff with a free appropriate public education constitutes unlawful discrimination against the Plaintiff and other autistic children in violation of the Equal Protection Clause of the 14th Amendment and in violation of due process contrary to the 14th Amendment to the United States Constitution.

64. The above described actions of the Defendants were the direct and proximate cause of the Plaintiff's injuries aforesaid.

65. By reason of the aforesaid, Plaintiff's Civil Rights were violated as guaranteed by the Federal Statutes.

66. As result of the above described violations, Plaintiffs have suffered damages as described above.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants Wzorek, NEIU, The School District of Abington Heights, Lamanna, Rosetti, Sluko, McNulty and Arnold, jointly and severally, with an award of compensatory damages, exclusive of interest and costs of suit, plus punitive damages and such other relief as this Court deems necessary and appropriate

## COUNT II - INDIVIDUALS WITH DISABILITY EDUCATION ACT 20 U.S.C. SECTION 1400 ET SEQ.

**Plaintiffs, Vicky M. and Darin M., as parents**

**and Natural Guardians of Minor, A.J. M.**

**v. Defendants NEIU, The School District of Abington Heights,**

**Lamanna, Rosetti, Sluko, McNulty and Arnold and Susan Wzorek**

67. The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

68. The Defendants have violated the rights of the named Plaintiffs under the Individuals with Disability Education Act, 20 U.S.C. Section 1400, et. seq. by failing to identify, evaluate, and provide the Minor/Plaintiff with a free appropriate public education and by physically and verbally abusing him as more particularly described below by using bodily restraints without the Minor/Plaintiff's consent and in disregard to the law.

69. As result of the above described violations, Plaintiffs suffered damages as described above.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants Wzorek, NEIU, The School District of Abington Heights, Lamanna, Rosetti, Sluko, McNulty and Arnold, jointly and severally, with an award of compensatory damages, exclusive of interest and costs of suit, plus punitive damages and such other relief as this Court deems necessary and appropriate

## COUNT III- ASSAULT AND BATTERY

### Plaintiffs, Vicky M. and Darin M., as parents

### and Natural Guardians of Minor, A.J.M.

### vs. Susan C. Wzorek

70. The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

71. Within the time frame from September 2002 through June 2003, as more fully set forth in this Complaint, acting in her capacity as autistic support teacher at NEIU, Defendant Wzorek, with intent to cause harmful and offensive contact, assaulted and battered minor Plaintiff, AJ on numerous occasions, in that she:

    a.    Striking the Minor/Plaintiff, AJ on the legs and arms causing bruising;

    b.    Screaming in AJ's face;

    c.    Squeezing and crushing AJ's arms causing bruising; and

    d.    Stomping on AJ's insteps

72. The aforementioned incidents of assault and battery were intentional acts against the Plaintiff's minor, AJ.

73. As a direct and proximate cause of the assault and battery perpetrated against minor

Plaintiff, AJ, minor Plaintiff has suffered, and will continue to suffer physical pain, psychological and emotional suffering, including, but not limited to post-traumatic stress syndrome, fear, and developmental delays.

74.     As a further direct and proximate result of Defendant's assault and battery against minor Plaintiff, AJ, minor Plaintiff has suffered and will continue to suffer a loss of life's pleasures.

75.     The conduct of Defendant Wzorek in assaulting and battering minor Plaintiff, AJ constitutes extreme and outrageous conduct, which conduct was committed in willful, wanton, reckless, and total disregard to the rights, safety, and well being of minor Plaintiff, AJ, entitling Plaintiffs to an award of punitive damages, and claim is made therefor.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendant, Wzorek, with an award of compensatory damages in excess of Fifty ($50,000.00) Thousand Dollars, exclusive of interest and costs of suit, plus punitive damages and such other relief as this Court deems necessary and appropriate.

## COUNT IV- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Plaintiffs, Vicky M. and Darin M., as parents

### and Natural Guardians of Minor, A.J .M. vs. Defendant Susan C. Wzorek

76.     The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

77.     The aforementioned conduct of Defendant Wzorek in placing minor Plaintiff, AJ in apprehension of bodily harm, in assaulting and battering AJ, and in verbally and emotionally abusing AJ, constitutes extreme and outrageous conduct, and exceeds the bounds of decency and tolerability in a civilized community.

78.     The extreme and outrageous conduct of Defendant Wzorek, during the time period

from September 2002 through June 2003, was intentional and/or reckless.

79.    Defendant Wzorek intentionally inflicted emotional distress by establishing and creating an environment of terror, by virtue of her verbal abuse of other children, in the presence of, and within the sensibilities of sight, sound, and touch of our specific child, minor Plaintiff, AJ. Specifically, Defendant Wzorek would scream threats into the faces of her autistic students, including minor Plaintiff, AJ. Defendant Wzorek would scream and threaten the students on numerous occasions, "If you don't shut up, you're mine; If you pee your pants again, you're mine."

80.    Defendant Wzorek intentionally inflicted emotional distress by establishing and creating an environment of terror, by virtue of her physical and emotional abuse of other children, in the presence of, and within the sensibilities of sight, sound, and touch of our specific child, minor Plaintiff, AJ.

81.    As a direct and proximate result of Defendant Wzorek's placing minor Plaintiff, AJ in apprehension of serious bodily harm, in assaulting and battering him, and in verbally and emotionally abusing him, minor Plaintiff, AJ has endured, and will continue to endure, physical pain, emotional and psychological pain and suffering, including, but not limited to post-traumatic stress syndrome, fear, and developmental delays.

82.    As a further direct and proximate result of Defendant's placing minor Plaintiff, AJ in apprehension of serious bodily harm, in assaulting and battering him, and in verbally and emotionally abusing him, minor Plaintiff, AJ has suffered and will continue to suffer a loss of life's pleasures.

83.    The conduct of Defendant Wzorek, in intentionally inflicting emotional distress upon minor Plaintiff, AJ constitutes extreme and outrageous conduct, which conduct was committed in willful, wanton, reckless, and total disregard of the rights, safety, and well being of minor Plaintiff AJ, thereby entitling Plaintiffs to punitive damages, and claim is made therefor.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendant Wzorek, with an award of compensatory damages in excess of Fifty ($50,000.00) Thousand Dollars, exclusive of interest and costs of suit, plus punitive damages and such other relief as this Court deems necessary and appropriate.

## COUNT V-BREACH OF FIDUCIARY DUTY

### Plaintiffs, Vicky M. and Darin M., as parents

### and Natural Guardians of Minor, A.J .M vs. Susan C. Wzorek

84.     The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

85.     Defendant Wzorek held herself out to the public and to Plaintiffs as a trusted autistic support teacher, mentor, and caregiver of autistic students, and thereby created and fostered a fiduciary relationship with minor Plaintiff, AJ, who was in a position of vulnerability vis-à-vis Defendant Wzorek.

86.     Plaintiffs placed their trust and confidence in Defendant Wzorek, who thereby had an obligation to act in the best interest of minor Plaintiff, AJ, to attend to his special needs, and to care for him given the heightened duty Defendant Wzorek had to care and provide for minor Plaintiff, AJ while under Defendant Wzorek's care, custody, and control.

87.     Defendant Wzorek breached her fiduciary duty to minor Plaintiff, AJ, by abusing him physically, emotionally, and psychologically, and by failing to provide the type of specialized education he required as a student with special needs.

88.     Defendant Wzorek also breached her fiduciary duty to minor Plaintiff, AJ, by creating a prison in which her autistic students were forced to witness and to undergo daily terrors of physical abuse and verbal insults.

89.     As a direct and proximate result of the breach of Defendant Wzorek's fiduciary obligation to minor Plaintiff, AJ, minor Plaintiff has endured, and will continue to endure physical pain, psychological and emotional suffering, including, but not limited to, post-traumatic stress syndrome, fear, and developmental delays.

90.     As a further direct and proximate result of Defendant Wzorek's breach of her fiduciary obligation to minor Plaintiff, AJ, minor Plaintiff has suffered and will continue to suffer a loss of life's pleasures.

91.     The acts of Defendant Wzorek were committed in willful, wanton, reckless, and total disregard of the rights, safety, and well being of minor Plaintiff, AJ, thereby entitling Plaintiffs to punitive damages, and claim is made therefor.

WHEREFORE Plaintiffs demand the entry of judgment in their favor against Defendant Wzorek, with an award of compensatory damages in excess of Fifty ($50,000.00) Thousand Dollars, exclusive of interest and costs of suit, plus punitive damages and such other relief as this Court deems necessary and appropriate.

## COUNT VI - PUNITIVE DAMAGES

### Plaintiffs, Vicky M. and Darin M., as parents
### and  Natural Guardians of Minor, A.J.M.
### v. Susan Comerford Wzorek

92.     The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

93.     The aforementioned conduct of Defendant Wzorek was outrageous and/or done willfully, wantonly, and/or with reckless indifference to the rights of minor Plaintiff, AJ.

94.     Defendant Wzorek knew that her abusive conduct and her use of strictly prohibited

aversive techniques, and her unlawful use of restraints created an unreasonable risk of harm to her autistic students, including to minor Plaintiff, AJ;

95.     Nevertheless, Defendant Wzorek deliberately continued to use abusive techniques and restraints to manage the behavior of her autistic students, including minor Plaintiff, AJ, in conscious disregard of the aforementioned risk of harm to her students, including to minor Plaintiff, AJ.

96.     Defendant Wzorek's abuse of her autistic children, including of minor Plaintiff, AJ, was continuous and systematic throughout the relevant time period from September 2002 through June 2003.

97.     Defendant Wzorek's continuous and systematic conduct was intentional and malicious, and she thereby exhibited reckless indifference to the rights, safety, and well being of her autistic students, including of minor Plaintiff, AJ.

98.     Defendant Wzorek's motive was evil.

99.     Defendant Wzorek, in her own right, and with full knowledge of the risk of harm to minor Plaintiff, AJ, outrageously, maliciously, wantonly, and willfully caused the aforementioned injuries and damages to minor Plaintiff, AJ.

100.     As a direct and proximate result of the reckless, outrageous, wanton, willful, and malicious conduct of Defendant Wzorek, minor Plaintiff, AJ has endured, and will continue to endure physical pain, psychological and emotional suffering, including, but not limited to post-traumatic stress syndrome, fear, and developmental delays.

101.     As a further direct and proximate result of Defendant Wzorek's reckless, outrageous, wanton, willful, and malicious conduct, minor Plaintiff, AJ has suffered and will continue to suffer a loss of life's pleasures.

102.     The conduct of Defendant Wzorek was extreme and outrageous conduct, which

conduct was committed in willful, wanton, reckless, and total disregard to the rights, safety, and well being of minor Plaintiff AJ, entitling Plaintiffs to an award of punitive damages, and claim is made therefor.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendant Wzorek, with an award of punitive damages and such other relief as this Court deems necessary and appropriate.

## COUNT VII - INTENTIONAL INFLICTON OF EMOTIONAL DISTRESS

### Plaintiffs, Vicky M. and Darin M., as parents

### and Natural Guardians of Minor, A.J.M.

### v. Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold

103. The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

104. At all times material and relevant hereto, Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold knew that all special education teachers and administrators are obligated to follow the Regulations for Special Education as devised by the Pennsylvania Department of Education.

105. Such regulations, as enumerated in Title 22 of the Pennsylvania School Code, §14.133, specifically deem as inappropriate, the use of aversive techniques and restraints for behavior management.

106. Defendants clearly knew that Defendant Wzorek was utilizing restraints and aversive techniques in her classroom for the purpose of discipline and behavioral management, as per teaching assistants Celli and Medeiros' detailed documentation, as presented to Defendants Lamanna and Rosetti in July 2003.

107. By nature of the agency relationship between NEIU and Abington Heights School District, and by virtue of the frequent and consistent communication between Defendant-administrators Rosetti, Lamanna, and Arnold, Defendant Arnold and Defendants Rosetti and Lamanna, knew of Defendant Wzorek's abuses.

108. As is described more fully in this Complaint, Defendants not only failed to take action to terminate and/or prohibit further use of such aversive techniques and restraints in Defendant Wzorek's classroom, but also took blatant and determined measures to cover up and conceal said acts. This constitutes willful misconduct on the part of the Defendants.

109. Moreover, Defendants continued to retain Defendant Wzorek in her capacity as a special education teacher, where she would continue to remain in direct contact with special needs children. The individual Defendants were aware that Defendant Wzorek's continued abusive behavior was substantially certain to follow if they did not act, so that their desire that it continue can be implied.

110. Defendants' actions to cover up said conduct of Defendant Wzorek gave rise to her opportunity to continuously and systematically abuse minor Plaintiff, A.J.M.. physically, verbally, emotionally, and psychologically.

111. The aforementioned conduct of Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold in placing minor Plaintiff, A.J.M., in unreasonable risk of bodily harm constitutes extreme and outrageous conduct, and exceeds the bounds of decency and tolerability in a civilized community.

112. The extreme and outrageous conduct of Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold during the relevant time period from September 2001 through June 2002, including the 2002 to 2003 school year in which Defendant Sluko was principal of CSE, was intentional and/or reckless.

113. The extreme and outrageous conduct of Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold, during the relevant time period from September 2002 through June 2003, including the 2002 to 2003 school year in which Defendant Sluko was principal of CSE, in placing minor Plaintiff, D.B. in apprehension of serious bodily harm has caused minor Plaintiff, D.B. to suffer severe emotional distress.

114. As a direct and proximate result of Defendants' intentional, willful, and reckless acts against minor Plaintiff, A.J.M.., minor Plaintiff has endured, and will continue to endure, physical pain, emotional and psychological suffering, including, but not limited to post-traumatic stress syndrome, fear, and developmental delays.

115. As a further direct and proximate result of Defendants' intentional, willful, and reckless acts against minor Plaintiff, A.J.M., minor Plaintiff has suffered and will continue to suffer a loss of life's pleasures.

116. The conduct of Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold in intentionally inflicting emotional distress upon minor Plaintiff, A.J.M.. constitutes extreme and outrageous conduct, which conduct was committed in willful, wanton, reckless, and total disregard of the rights, safety, and well being of minor Plaintiff, A.J.M.., thereby entitling Plaintiffs to punitive damages, and claim is made therefor.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold with an award of compensatory damages in excess of Fifty ($50,000.00) Thousand Dollars, exclusive of interest and costs of suit, plus punitive damages and such other relief as this Court deems necessary and appropriate.

## COUNT VIII - BREACH OF FIDUCIARY DUTY

### Plaintiffs, Vicky M. and Darin M., as parents

### and Natural Guardians of Minor, A.J.M.

### v. Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold

114.    The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

115.    Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold held themselves out to the Plaintiffs and to the public as professional educators and educational entities, capable of providing a safe, wholesome, and positive quality of education to students, but especially to be equipped to teach and to provide for students with special needs.

116.    Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold exercised care, custody, and control over the special needs students, including over minor Plaintiff, AJ and thereby created and fostered a fiduciary relationship between minor Plaintiff, AJ, who was in a position of vulnerability vis-à-vis the Defendants.

117.    Plaintiffs placed their trust and confidence in Defendants, who thereby had an obligation to act in the best interest of minor Plaintiff, AJ and care for her given the heightened duty Defendants had to care and provide for minor Plaintiff, AJ, and attend to his special needs.

118.    Defendants breached their fiduciary duty to minor Plaintiff, AJ by not only allowing Defendant Wzorek to abuse AJ physically, emotionally, and psychologically, but also by failing to provide the type of specialized education AJ required as a student with special needs.

119.    As a direct and proximate result of the Defendants' breach of their fiduciary obligation to minor Plaintiff, AJ,  minor Plaintiff has endured, and will continue to endure physical pain, and psychological and emotional suffering including, but not limited to, post-traumatic stress syndrome,

fear, and developmental delays.

120. As a further direct and proximate result of Defendants' breach of their fiduciary obligation to minor Plaintiff, AJ, minor Plaintiff has suffered and will continue to suffer a loss of life's pleasures.

121. The acts of Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold were committed in willful, wanton, reckless, and total disregard of the rights, safety, and well being of minor Plaintiff AJ, hereby entitling Plaintiffs to punitive damages, and claim is made therefor.

WHEREFORE Plaintiffs demand the entry of judgment in their favor against Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold with an award of compensatory damages in excess of Fifty ($50,000.00) Thousand Dollars, exclusive of interest and costs of suit, plus punitive damages and such other relief as this Court deems necessary and appropriate.

## COUNT IX - NEGLIGENCE

### Plaintiffs, Vicky M. and Darin M., as parents

### and  Natural Guardians of Minor, A.J.M.

### v. Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold

122. The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

123. During the relevant time period, from September 2001 through June 2002, minor Plaintiff, AJ, was a special education student in the Northeastern Educational Intermediate Unit in the Abington Heights School District, and was consequently owed a duty of care in receiving a specialized education.

124. Within said time frame, Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold negligently, carelessly, and recklessly breached their duty to render educational services with

reasonable care for the heightened needs of their special education students, including minor Plaintiff, AJ.

125. The negligence, carelessness, and recklessness of Defendants consisted of, inter alia:

a. Failing to exercise reasonable care to protect minor Plaintiff, AJ against physical harm;

b. Failing to provide a safe environment in which autistic students, including minor Plaintiff, AJ could receive their education;

c. Acting without due regard for the rights, safety, and well being of AJ;

d. Failing to take precautions for the students' including minor Plaintiff AJ's rights, safety, and well being;

e. Failing to ensure that all teachers, including Defendant Wzorek, were abiding by the laws, rules, and regulations set forth by the Administration to ensure the safety and well being of the students, including minor Plaintiff, AJ;

f. Failing to ensure that all autistic teachers, including Defendant Wzorek, were appropriately employment screened, trained, and qualified, and that they knew and understood their duties and did abide by those duties;

g. Failing as school administrators to protect the moral welfare of all children in their care, including minor Plaintiff, AJ;

h. Failing to prevent the harmful acts as committed against minor Plaintiff, AJ, by Defendant Wzorek;

i. Failing to act responsibly under the circumstances;

j. Failing to ensure that all teachers, including Defendant Wzorek, were abiding by the regulations set forth in the Pennsylvania School Code;

k. Failing to discover that Defendant Wzorek was doing such acts against AJ, or was likely to do such acts against AJ or any other autistic student;

l. Failing to abide by the Pennsylvania Child Protective Services Act, 23 Pa.C.S.A. §6302 et seq., and report the aforementioned abuse which was reported to them, as administrators;

m. Willfully violating the Pennsylvania Child Protective Services Act and negligently retaining Defendant Wzorek as an employee of the School District after they knew of her propensity for such abusive conduct;

n. Failing to convene an IEP meeting to address the unlawful use of restraints in Defendant Wzorek's classroom;

o. Failing to conduct an adequate investigation of Defendant Wzorek upon receiving knowledge that she was negligently using restraints and aversive techniques in her classroom;

p. Failing to properly supervise all autistic support teachers, including Defendant Wzorek;

q. Failing to warn Plaintiffs of the dangerous propensity of Defendant Wzorek;

r. Failing to give Plaintiffs adequate warning so as to enable Plaintiffs to avoid the dangers of Defendant Wzorek's classroom;

s. Authorizing Defendant Wzorek to act as an autistic support teacher for Defendants NEIU and Abington Heights, and in that capacity performed the tortious acts against minor Plaintiff, AJ, as are more fully set forth in this Complaint, and

t. Failing, by removing the entire autistic classroom from the school, to provide a stable atmosphere for the education of the students, including minor Plaintiff, AJ, who have

a heightened need for routine and stability.

126.     As a direct and proximate result of the negligence, carelessness, and recklessness of Defendants, minor Plaintiff, AJ has endured, and will continue to endure physical pain, psychological and emotional suffering, including, but not limited to post-traumatic stress syndrome, fear, and developmental delays.

127.     As a further direct and proximate result of Defendants' negligence, carelessness, and recklessness, minor Plaintiff, AJ has suffered and will continue to suffer a loss of life's pleasures.

128.     The negligent, careless, and reckless conduct of Defendants constitutes extreme and outrageous conduct, which conduct was committed in willful, wanton, reckless, and total disregard to the rights, safety, and well being of minor Plaintiff, AJ, entitling Plaintiffs to an award of punitive damages, and claim is made therefor.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor against Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold, with an award of compensatory damages in excess of Fifty ($50,000.00) Thousand Dollars, exclusive of interest and costs of suit, plus punitive damages and such other relief as this Court deems necessary and appropriate.

## COUNT X - PUNITIVE DAMAGES

**Plaintiffs, Vicky M. And Darin M., as parents**

**and  Natural Guardians of Minor, A.J.M.,**

**v. Defendants,**

**Lamanna, Rosetti, Sluko, McNulty and Arnold**

132.     The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

133.     The aforementioned conduct of Defendants NEIU, The School District of Abington

Heights, Lamanna, Rosetti, Sluko, McNulty and Arnold was outrageous and/or done willfully, wantonly, and/or with reckless indifference to the rights of minor Plaintiff, A.J.M..

134.    Defendants NEIU, The School District of Abington Heights, Lamanna, Rosetti, Sluko, McNulty and Arnold knew that their acts to conceal the known abusive conduct of their employee, Defendant Wzoerk created an unreasonable risk of harm to their autistic students, including to minor Plaintiff, A.J.M.

135.    Nevertheless, Defendants NEIU, The School District of Abington Heights,Lamanna,Rosetti, Sluko, McNulty and Arnold deliberately failed to report said abuse as required under Pennsylvania's Child Protective Services Law, 23 Pa. C.S.A. §6302 et seq., in conscious disregard of the aforementioned risk of harm to their students, including to minor Plaintiff, A.J.M.

136.    Defendants NEIU, The School District of Abington Heights, Lamanna, Rosetti, Sluko, McNulty and Arnold's continuous and systematic conduct was intentional and malicious, and they thereby exhibited reckless indifference to the rights, safety, and well being of their autistic students, including of minor Plaintiff, A.J.M.

137.    Defendants NEIU, The School District of Abington Heights, Lamanna, Rosetti, Sluko, McNulty and Arnold, in their own right, and with full knowledge of the risk of harm to minor Plaintiff, A.J.M., outrageously, maliciously, wantonly, and willfully caused the aforementioned injuries and damages to minor Plaintiff, A.J.M.

138.    As a direct and proximate result of the reckless, outrageous, wanton, willful, and malicious conduct of Defendants, minor Plaintiff, A.J.M. has endured, and will continue to endure physical pain, psychological, and emotional suffering, including, but not limited to post-traumatic stress syndrome, fear, and developmental delays.

139. As a further direct and proximate result of Defendants' reckless, outrageous, wanton, willful, and malicious conduct, minor Plaintiff, A.J.M. has suffered and will continue to suffer a loss of life's pleasures.

140. The conduct of Defendants NEIU, The School District of Abington Heights, Lamanna, Rosetti, Sluko, McNulty and Arnold was extreme and outrageous conduct, which conduct was committed in willful, wanton, reckless, and total disregard to the rights, safety, and well being of minor Plaintiff, A.J.M., entitling Plaintiffs to an award of punitive damages, and claim is made therefor.

**WHEREFORE**, Plaintiffs demand the entry of judgment in their favor against Defendants, Lamanna, Rosetti, Sluko, McNulty and Arnold, with an award of punitive damages and such other relief as this Court deems necessary and appropriate.

<u>**COUNT XI-VIOLATION OF SECTION 504 OF THE FEDERAL**</u>

<u>**REHABILITATION ACT**</u>

**Plaintiff, Vicky M. And Darin M., as parents**

**and Natural Guardians of Minor, A.J.M.**

**v. Defendants NEIU, The School District of Abington Heights,**

**and Susan Wzorek**

141. The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

142. Section 504 of the Rehabilitation Act, 29 U.S.C.A. Section 794, states "[n]o otherwise qualified individual with a disability in the United States, as defined in Section 705(20) of this title shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial

assistance or under any program or activity conducted by an executive agency or by the United States Postal Service."

143.   Upon information and belief it is believed and therefore averred that the Abington School District and the NEIU received federal funding for the special education program in which A.J.M. participated as a student tutelage of Defendant, Susan Wzorek.

144.   Upon information and belief the Defendants have discriminated against A.J.M. the minor/Plaintiff herein because of his disability, namely autism, in that they failed to provide him with the same protection that all other students were provided by failing to protect him from in not having to be subjected to the physical and mental abuse by his teacher, Defendant, Susan Wzorek, as described above.

145.   The Defendants owed the minor/Plaintiff the duty or care to refrain from physical and mental abuse adequately in accordance with Section 504 of the Rehabilitation Act.

146.   The Defendants failed to provide the minor/Plaintiff with a safe and appropriate education atmosphere as was provided to all other students not suffering from the disability of autism.

147.   The Defendants actions constituted a conscious disregard for the Plaintiff's disability and discriminated against him based on his disability of autism.

148. As a result of the above described violations, the Plaintiff suffered damages as described more particularly above.

WHEREFORE the Plaintiff demands the entering in judgment in their favor against the Defendants NEIU, The School District of Abington Heights, Lamanna, Rosetti, Sluko, McNulty and Arnold and Susan Wzorek jointly and severely with an award of compensatory damages, exclusive interest in costs of suit, and such other relief as this Court deems necessary and appropriate.

## <u>COUNT XII-WILLFUL MISCONDUCT</u>

**Plaintiffs, Vicky M. and Darin M., as parents**

**and  Natural Guardians of Minor, A.J.M. vs. NEIU, The School District of**

**Abington Heights, Lamanna, Rosetti, Sluko, McNulty and Arnold, Susan Wzorek**

146.    The preceding paragraphs are incorporated herein by reference as if fully set forth

here at length

147.    42 Pa. C.S.A. Section 8550 states that "[a]ny action against a local agency

or employee thereof for damages on account of an injury caused by the act of an employee in which

it is judicially determined that the act of the employee caused the injury in that such act constituted

a crime, actual fraud, malice or willful misconduct, the provisions of sections 8545(relating to official

liability generally), 8546 (relating to the defense of official immunity), 8548 (relating to indemnity)

and 8549 (relating to limitation on damages) shall not apply." 42 Pa. C.S.A. Section 8550.

148.    Upon information and belief the Defendant, Susan Wzorek was convicted under the

Pennsylvania Crimes Code Section 18 Pa. C.S.A. 2705 recklessly endangering another person  for

the abuse she perpetrated on the minor/Plaintiff A.J.M.

149.    The Defendant, Susan Wzorek's conviction constitutes a judicially determined act

that the employee caused the injury to the minor/Plaintiff A.J.M. and that act constituted a crime.

150.    As such the official liability and official immunity do not apply to the Defendant

Susan Wzorek or Defendants NEIU and Abington School District.

151.    The acts of abuse perpetrated on A.J.M. by Susan Wzorek constitute willful

misconduct.

152.    The Defendants the NEIU and Abington School District were aware of Defendant,

Susan Wzorek's acts and as such are liable for the same pursuant to Section 8550.

153.    The minor/Plaintiff A.J.M. has been injured and suffered damages as more particularly described above based on the willful misconduct of Defendant, Susan Wzorek and Defendants Abington School District and the NEIU.

WHEREFORE, Plaintiffs demand the entry of judgment in their favor and against Defendants, NEIU, the School District of Abington Heights, Lamanna, Rosetti, Sluko, McNulty and Arnold and Susan Wzorek with an award of compensatory damages in excess of $50,000.00 exclusive and interest and costs of suit plus punitive damages and such other relief as this Court deems necessary and appropriate.

Respectfully Submitted,

By:    /s/ Lawrence J. Moran
Lawrence J. Moran, Esquire
Attorney ID Number:25959

/s/ James J. Conaboy
James J. Conaboy, Esquire
Attorney ID Number: 77987

/s/ Edwin A. Abrahamsen, Jr.
Edwin A. Abrahamsen, Jr., Esquire
Attorney ID Number: 92851

/s/ Christina A. Coury
Christina A. Coury, Esquire
Attorney ID Number: 92014

## CERTIFICATE OF SERVICE

I, James J. Conaboy, hereby certify that I have this 25 day of October, 2007 served a true and correct copy of the foregoing Amended Complaint upon the following listed below, via ECF.

Richard A. Polachek, Esquire
22 East Union Street, Ste. 600
Wilkes-Barre, PA 18701

John E. Freund, III, Esquire
One West Broad Street, Ste. 700
Bethlehem, PA 18018

Robin Snyder, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
401 Adams Avenue, Ste. 401
Scranton, PA 18501

By:     /s/ Lawrence J. Moran
        Lawrence J. Moran, Esquire
        Attorney ID Number:25959

        /s/ James J. Conaboy
        James J. Conaboy, Esquire
        Attorney ID Number: 77987

        /s/ Edwin A. Abrahamsen, Jr.
        Edwin A. Abrahamsen, Jr., Esquire
        Attorney ID Number: 92851

        /s/ Christina A. Coury
        Christina A. Coury, Esquire
        Attorney ID Number: 92014