## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICKY MASON and DARIN MASON, Individually and as Parents and Natural Guardians of Minor, AARON JASON MASON,<br>　　　　　Plaintiffs<br><br>vs.<br><br>SUSAN COMERFORD WZOREK; NORTHEASTERN EDUCATIONAL INTERMEDIATE UNIT 19; THE SCHOOL DISTRICT OF ABINGTON HEIGHTS; FRED R. ROSETTI, ED.D.; CLARENCE LAMANNA, ED.D.; DAVID ARNOLD, ED.D.; WILLIAM MCNULTY; and MARIELLEN SLUTKO,<br>　　　　　Defendants | HONORABLE A. RICHARD CAPUTO<br><br><br>CIVIL ACTION – LAW<br>JURY TRIAL DEMANDED<br><br><br>NO:　　3:06-CV-1898 |

### ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS, ABINGTON HEIGHTS SCHOOL DISTRICT, DAVID ARNOLD, ED.D., WILLIAM MCNULTY AND MARIELLEN SLUKO

The Defendants, Abington Heights School District, David Arnold, Ed.D., William McNulty and Mariellen Sluko, through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, answer Plaintiffs' Compliant as follows:

1-2.　　Admitted.

3-4.　　The averments of paragraphs three (3) and four (4) contain conclusions of law to which no response is required. In the event a response is required, these paragraphs are denied.

5-6.　　Paragraphs five (5) and six (6) refer to documents which are part of this Court's record and which speak for themselves.

7.　　Denied.

8. Denied as the Defendants are without knowledge or information sufficient to form a belief as to the veracity thereof.

9. Admitted in part and denied in part. Admitted only that Wzorek is an adult individual who was employed by the Northeastern Educational Intermediate Unit 19 as an autistic support teacher at the time of the events outlined in the Complaint. The remaining averments are denied as conclusions of law to which no response is required.

10-11. Paragraphs ten (10) and eleven (11) refer to parties other than Answering Defendants. Therefore, no response is required.

12. Admitted.

13. Denied as conclusions of law to which no response is required.

14-15. The averments are directed to parties other than Answering Defendants. Therefore, no response is required.

16. Admitted that David Arnold, E.D. is a competent adult individual who was employed as the Superintendent of Abington Heights School District at the times mentioned in the Complaint and tat Abington Heights School District had offices at 200 East Grove Street, Clarks Summit, Lackawanna County, Pennsylvania, 18411. It is specifically denied that Arnold supervised and monitored Defendant, Wzorek. To the contrary, Wzorek was employed by the Northeastern Educational Intermediate Unit. The remaining averments are denied as conclusions of law to which no response is required.

17. It is admitted that William McNulty is a competent, adult individual who was employed as the Supervisor of Special Education for Abington Heights School District with offices at 200 East Grove Street, Clarks Summit, Lackawanna County, Pennsylvania, 18411. It is denied that McNulty supervised Wzorek. To the contrary, she was employed by the

Northeastern Educational Intermediate Unit. The remaining averments are denied as conclusions of law to which no response is required.

18. It is admitted that Mariellen Sluko is a competent, adult individual who resides in Lackawanna County, Pennsylvania, and was employed by the Abington Heights School District as Principal of Clarks Summit Elementary School which had offices at 401 West Grove Street, Clarks Summit, Lackawanna County, Pennsylvania, 18411. It is specifically denied that Ms. Sluko had supervisory responsibilities or duties and responsibilities in overseeing Wzorek. To the contrary, she was employed by the Northeastern Educational Intermediate Unit. The remaining averments are denied as conclusions of law to which no response is required.

19-20. Denied as the Defendants are without knowledge or information sufficient to form a belief as to the veracity thereof.

21. Admitted that autism is a neurological condition that ranges in severity and children with autism typically exhibit difficulty as far as language development and ability to interact socially as well as in ability to initiate and/or maintain a conversation. The remaining averments are denied as the Defendants are without knowledge or information sufficient to form a belief as to the veracity thereof.

22. Denied as the Defendants are without knowledge or information sufficient to form a belief as to the veracity thereof.

23. Denied as the Defendants are without knowledge or information sufficient to form a belief as to the veracity thereof.

24. The averments of this paragraph are directed toward the Co-Defendant and Answering Defendants offer no response.

25. It is specifically denied that the Defendant, Abington Heights, had a duty to exercise supervisory responsibility over Wzorek or other autistic support teachers who were not employed by Abington Heights School District. As indicated above, Wzorek was employed by the Northeastern Educational Intermediate Unit. The remaining averments are denied as conclusions of law to which no response is required.

26. Denied as conclusions of law to which no response is required.

27. The averments are directed towards the Co-Defendant. Therefore, no response is required of Answering Defendants.

28. The averments of paragraph twenty-seven (27) are denied as conclusions of law to which no response is required. It is admitted only that the Abington Heights School District is required to comply with all laws.

29. Denied.

30. The averments are directed towards the Co-Defendant. Therefore, no response is required of Answering Defendants.

31-33. Denied as the Defendants are without knowledge or information sufficient to form a belief as to the veracity thereof.

34. Denied as conclusions of law to which no response is required.

35. Denied. It is specifically denied that the Abington Heights School District had supervisory responsibility over Wzorek. To the contrary, she was employed by the Northeastern Educational Intermediate Unit. Further, the averments are denied as conclusions of law to which no response is required.

36. Denied as the Defendants are without knowledge or information sufficient to form a belief as to the veracity thereof.

37. Admitted that Wzorek was responsible for keeping safe and secure the autistic children rendered to her care including attending to their needs.

38-43. The averments are denied. To the extent that the paragraphs of thirty-seven (37), thirty-eight (38), thirty-nine (39), forty (40), forty-one (41), and forty-two (42) contain legal conclusions, the same are denied.

44. Denied as the Defendants are without knowledge or information sufficient to form a belief as to the veracity thereof.

45. Denied as stated. It is admitted that Jill Celli and Robin Mederios worked within the classroom at some point in time. The remaining averments are denied as the Defendants are without knowledge or information sufficient to form a belief as the veracity thereof.

46-54. Denied as the Defendants are without knowledge or information sufficient to form a belief as to the veracity thereof.

55. The Defendant, Sluko, admits that she spoke with Celli and Mederios at some point in time. The averments of this paragraph are specifically denied.

56. Admitted that Wzorek was transferred. The remaining averments are denied as the Defendants are without knowledge or information sufficient to form a belief as to the veracity thereof.

57. Denied. The substance of the letter written by Arnold speaks for itself.

58. Denied. Further, Sluko, Arnold and McNulty never knew the alleged abusive treatment rendered by Wzorek, if any.

59-61. Denied.

## COUNT I – VIOLATIONS OF THE FOURTEENTH AMENDMENT

62. Defendants incorporate by reference their responses to the preceding paragraphs as fully as though the same were set forth herein at length.

63-66. Denied as conclusions of law to which no response is required. Further, by Order of May 15, 2007, this Court granted Defendants' Motion to Dismiss Plaintiffs' procedural due process claims and substantive due process claim as it relates to Defendants' alleged failure to provide the minor Plaintiff with a free appropriate public education.

WHEREFORE, the Defendants respectfully request judgment in their favor and against the Plaintiffs.

## COUNT II

67. Defendants incorporate by reference their responses to the preceding paragraphs as fully as though the same were set forth herein at length.

68-69. Denied as conclusions of law to which no response is required.

WHEREFORE, the Defendants respectfully request judgment in their favor and against the Plaintiffs.

## COUNT III – COUNT VI

70-102. The averments are directed towards other parties and no response is required by Answering Defendants.

WHEREFORE, the Defendants respectfully request judgment in their favor and against the Plaintiffs.

## COUNT VII

103. Defendants incorporate by reference their responses to the preceding paragraphs as fully as though the same were set forth herein at length.

104-116. Denied as conclusions of law to which no response is required.

WHEREFORE, the Defendants respectfully request judgment in their favor and against the Plaintiffs.

## COUNT VIII

114 [stet].	Defendants incorporate by reference their responses to the preceding paragraphs as fully as though the same were set forth herein at length.

115-121.	Denied as conclusions of law to which no response is required.

WHEREFORE, the Defendants respectfully request judgment in their favor and against the Plaintiffs.

## COUNT IX

122	Defendants incorporate by reference their responses to the preceding paragraphs as fully as though the same were set forth herein at length.

123-128	Denied as conclusions of law to which no response is required.

WHEREFORE, the Defendants respectfully request judgment in their favor and against the Plaintiffs.

## COUNT X

132.	Defendants incorporate by reference their responses to the preceding paragraphs as fully as though the same were set forth herein at length.

133-140.	Denied as conclusions of law to which no response is required. Also, by Order of Court dated May 15, 2007, this Court dismissed Plaintiffs' claim for punitive damages against the Abington Heights School District.

WHEREFORE, the Defendants respectfully request judgment in their favor and against the Plaintiffs.

## COUNT XI

141.	Defendants incorporate by reference their responses to the preceding paragraphs as fully as though the same were set forth herein at length.

142-148.	Denied as conclusions of law to which no response is required.

WHEREFORE, the Defendants respectfully request judgment in their favor and against the Plaintiffs.

## COUNT XII

146. Defendants incorporate by reference their responses to the preceding paragraphs as fully as though the same were set forth herein at length.

147-153. By Order of Court dated February 1, 2008, this Court dismissed Plaintiffs' claim under Count XII.

WHEREFORE, the Defendants respectfully request judgment in their favor and against the Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted pursuant to IDEA.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action under the Fourteenth Amendment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action for punitive damages against the individual Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action against the individual Defendants for intentional infliction of emotional distress, breach of fiduciary duty, negligence and punitive damages.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs are claiming a denial of free appropriate public education, the claim is barred as they failed to exhaust their administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

The individual Defendants are protected by qualified immunity and any claim brought against them is barred.

## SEVENTH AFFIRMATIVE DEFENSE

The individual Defendants cannot be held responsible under IDEA.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action for damages for the Plaintiff parents as individuals on their behalf.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred or limited by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred or limited by the Political Subdivision Torts Claim Act.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: */s/ Robin B. Snyder, Esquire*
Robin B. Snyder, Esquire
Attorney I.D. No: PA 71562
The Scranton Center, Suite 400
401 Adams Avenue
Scranton, PA 18510
(570) 496-4600

# CERTIFICATE OF SERVICE

I, Robin B. Snyder, Esquire, do hereby certify that a true and correct copy of the foregoing Answer with Affirmative Defenses was served upon all parties by electronic filing on the 14th day of March, 2008 at the following addresses:

Lawrence A. Moran, Esquire
Abrahamsen, Moran & Conaboy
1106 Pittston Avenue
Scranton, PA 18505

Dennis C. McAndrews, Esquire
Gabrielle C. Sereni, Esquire
McAndrews Law Offices
30 Cassatt Ave.
Berwyn, PA 19312

John E. Freund, Esquire
One West Broad Street
Suite 700
Bethlehem, PA 18018

Richard A. Polachek, Esquire
Polachek & Associates
22 East Union Street, Suite 600
Wilkes-Barre, PA 18701

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: */s/ Robin B. Snyder, Esquire*
Robin B. Snyder, Esquire
Attorney I.D. No: PA 71562
The Scranton Center, Suite 400
401 Adams Avenue
Scranton, PA 18510
(570) 496-4600

10/864361.v1