# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICKY M. and DARIN M., as Parents and
Natural Guardians of Minor, A.J.M., et al.,

    Plaintiffs,

        v.

NORTHEASTERN EDUCATIONAL
INTERMEDIATE UNIT, et al.,

    Defendants.

CIVIL ACTION NO. 3:06-CV-1898

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

Presently before the Court is Plaintiffs' Motion for Consolidation for Trial (Doc. 213), and Defendant Northeastern Educational Intermediate Unit ("NEIU")'s Contingent Motion to Bifurcate (Doc. 226). Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure,

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The moving party bears the burden of proof on a motion to consolidate. *See Farahmand v. Rumsfeld,* No. 02-1236, 2002 WL 31630709 at *1 (E.D. Pa. 2002). Courts have broad discretion to grant motions to consolidate. *See id.* at *2. "In determining whether to consolidate, the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." *Mincy v. Chmielewski*, 03:05-cv-292, 2006 WL 1997457, at * 2 (M.D. Pa. July 17, 2006) (citation omitted).

1

Plaintiffs argue that the similarity between the cases, legally and factually, makes consolidation appropriate.  Plaintiffs are correct that these cases involve similar, if not identical, legal claims against identical Defendants.  The Plaintiffs' factual claims are similar, and indeed each Plaintiff would likely introduce evidence from the others as part of their own claims.  Plaintiffs correctly point out that separate trials would require duplicative testimony from many witnesses by all parties. These cases have also been consolidated throughout discovery and the resolution of pre-trial concerns, thus they are at identical procedural phases.  Because of the similarities between the cases,  I find that judicial economy would be best served by consolidating these cases for trial.

Defendants raise two arguments against consolidation for trial.  First, they argue that consolidation will create confusion for the jury and cause them to "lump together" claims against the Defendants, rather than considering the evidence as to each separate Plaintiff and legal claim.  Defendants are correct that hearing the evidence of seven (7) separate plaintiffs has the potential to create confusion for the jurors, and that there is some risk that the jury may evaluate the Plaintiffs' claims collectively where it is inappropriate.  I find, however, that these risks can be cured through the use of jury instructions clearly delineating the burden placed upon each Plaintiff.  Furthermore, counsel can make clear through their arguments at trial the burdens which are placed upon each Plaintiff to prove their own cases. The burden which would be imposed upon the Plaintiffs and the Court in conducting seven (7) separate trials simply outweighs any risk of prejudice to the Defendants.

Second, Defendants NEIU and the Abington Heights School District argue that the different legal standards applicable to Plaintiffs' claims will be confused if the cases are consolidated. Specifically, the argue that claims under Section 504, which requires evidence

2

related to each student separately, will be confused with the claims under Section 1983, which permits consideration of a pattern of evidence. Defendants argument fails, however, because it does not take into account that this same "prejudice" would occur regardless of consolidation. Each of the Plaintiffs bringing claims under Section 504 and Section 1983 would necessarily discuss these two distinct legal standards in their individual cases. Regardless, as stated above, any potential for prejudice may be cured through the use of appropriate instructions to the jury. Judicial economy outweighs the potential of this prejudice against the Defendants.

Alternatively, Defendant NEIU requests that the trial be bifurcated as to liability and damages. While this could serve to remove some of the length from the trial if liability is not found, I find that judicial economy would be better served by consolidation. I also find that any risk of prejudice in hearing evidence on liability and damages together may be cured with appropriate jury instructions.

I will grant Plaintiffs' motion to consolidate these actions into one, unified trial.

**NOW**, this ___4th___ day of February, 2010, **IT IS HEREBY ORDERED** that:

(1) Plaintiffs' Motion for Consolidation for Trial (Doc. 213) is **GRANTED**.

(2) Defendant Northeastern Educational Intermediate Unit's Contingent Motion to Bifurcate (Doc. 226) is **DENIED**.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge